FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 OCT 29 A 10: 47

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DA'RELL ROBERTS, Petitioner, | * |
| v. | * CIVIL ACTION No. JKB-11-1227 |
| STATE OF MARYLAND et al., Respondents. | * |

\*\*\*\*\*

## MEMORANDUM

Now before the Court is a petition for habeas corpus relief filed by Da'Rell Roberts (ECF No. 1), respondents' answer thereto (ECF No. 18), and petitioner's reply (ECF Nos. 20 & 21). The case was stayed on March 6, 2012, pending resolution of *Tasker v. State of Maryland*, Civil Action No. AW-11-1869 (D. Md.). After review of the documents, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*. For the reasons to follow, the petition will be denied and dismissed with prejudice.

Petitioner pled guilty in the Circuit Court for Baltimore City, Maryland, on December 12, 2000, to charges of attempted first-degree murder and a related handgun offense in case number 199089031, attempted second-degree murder in case number 199089032, attempted armed robbery in case number 199089033, armed robbery in case number 199089034, and conspiracy to commit armed robbery in case numbers 199089035 and 199089036. ECF No. 18, Exs. 1, 2, & 5. He was sentenced on February 28, 2001, to a total term of 40 years' incarceration, with all but 20 years suspended, the first five years to be served without parole, and five years of supervised release. *Id.* He did not request leave to file an appeal. *Id.* Accordingly, his convictions became final on March 29, 2001, when the time for filing an application for leave to appeal expired. *See*

Md. Rule 8-204(b) (application for leave to appeal to be filed within 30 days of judgment or order from which appeal is sought).

On March 26, 2001, petitioner sent to the sentencing judge a letter that was treated as a motion for modification. The judge wrote a margin order, dated April 13, 2001, indicating the motion would be held sub curia. *Id.*, Ex. 3. A counseled motion for modification or reduction of sentence was filed on petitioner's behalf on May 10, 2001. *Id.*, Ex. 4. In a subsequent letter from the judge's chamber to Roberts responding to a different motion, it was noted that the judge did not intend to consider Roberts's motions for modification of sentence until Roberts had served ten years and that Roberts should, after that length of time, request a hearing. *Id.*, Ex. 5, Letter, Nov. 19, 2007.

On March 20, 2009, petitioner submitted a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, *et seq. Id.*, Ex. 1 & 6. On July 2, 2009, the post-conviction court amended petitioner's commitment order to reflect a specific recommendation that Roberts be evaluated in the Patuxent Youthful Offender Program. Otherwise, petitioner's request for post-conviction relief was denied. *Id.*, Ex. 6. Petitioner's application for leave to appeal the denial of post-conviction relief was denied by the Court of Special Appeals in an unreported opinion issued June 28, 2010. *Id.*, Ex. 7.

On September 13, 2010, petitioner filed a petition for civil commitment to the Department of Health and Mental Hygiene for drug and alcohol treatment. The request was denied on May 14, 2011. *Id.*, Ex. 1. Petitioner filed an additional motion for reduction or modification of sentence on April 4, 2011, which was denied on April 8, 2011. *Id.*

Petitioner filed a motion to correct illegal sentence on April 1, 2011. The motion was denied on May 24, 2011. Petitioner's appeal of this ruling is pending in the Court of Special Appeals. Petitioner filed a second motion to correct illegal sentence on June 2, 2011, which was denied on June 14, 2011. *Id.*, Ex. 1.

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d). This one-year period is tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d); [1] *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Respondent argues that petitioner's § 2254 Motion is time-barred because the one-year statute of limitations set forth in 28 U.S.C § 2244(d) started to run on March 29, 2001, and

---

[1] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

expired on March 28, 2002. This argument prevails only if the Motions for Modification filed in 2001 do not serve to toll the limitations period.

In *Wall v. Kholi*, 562 U.S._, 131 S. Ct. 1278 (2011), the Supreme Court considered whether a motion to reduce sentence under Rhode Island law tolled the limitations period set forth under 28 U.S.C. § 2244(d)(1)(A) for the purpose of constituting "post-conviction or other collateral review with respect to the pertinent judgment," as stated in 28 U.S.C. § 2244(d)(2). *See Kholi*, 131 S. Ct. at 1281–82.[2] The Court held "that the phrase 'collateral review' in § 2244(d)(2) means judicial review of a judgment in a proceeding that is not part of direct review," *id.* at 1282, and reasoned that "[b]ecause the parties agree that a motion to reduce sentence under Rhode Island law is not part of the direct review process, we hold that respondent's motion tolled the AEDPA limitation period and that his federal habeas was therefore timely," *id.*[3,4] Further, the Court defined "review" as a judicial reexamination of a judgment or claim. *Id.* at 1285.

In *Kholi*, the Court declined to limit "collateral review" to adjudging the "lawfulness" of a judgment, *id.* at 1287, instead applying it to any motion under Rhode Island's Rule 35, Superior Court Rules of Criminal Procedure, and noting that doing so obviated the need for federal habeas courts "to separate motions for a reduced sentence into two categories: those that challenge a sentence on legal grounds and those that merely ask for leniency," *id.* at 1288.

---

[2] In relevant part, Rhode Island's rule pertaining to motions to reduce sentences permits a court to correct an illegal sentence at any time and to correct a sentence imposed in an illegal manner or to reduce any sentence when filed within certain time constraints. Rhode Island Superior Court Rule of Criminal Procedure 35.

[3] *Kholi* abrogated *Walkowiak v. Haines*, 272 F.3d 234, 237 (4th Cir. 2001), which had instructed that determining collateral review turns on whether the motion is part of the criminal case or is a separate proceeding.

[4] The Court noted that, according to the parties, challenges to sentences cannot be raised on direct appeal in Rhode Island, but must be raised, if at all, by way of a Rule 35 motion. 131 S. Ct. at 1286 n.3.

4

Moreover, under Rhode Island law, a ruling on a motion under its Rule 35 is subject to challenge in that State's appellate courts. *Id.* at 1282.

In *Tasker*, Judge Alexander Williams of this Court considered whether a motion for modification of sentence filed under the Maryland Rules was equivalent to one filed in Rhode Island, but found the Maryland scheme for filing motions to reduce sentences distinguishable from that of Rhode Island. Specifically, Judge Williams held that motions for modification, as filed in petitioner's case, did not serve to indefinitely toll the limitations period set forth under 28 U.S.C. § 2244(d). *See Tasker v. Maryland*, Civil Action No. AW-11-1869, 2013 WL 425040 (D. Md. Jan. 31, 2013), *aff'd*, 517 F. App'x 172 (4th Cir. 2013) (finding Tasker waived Fourth Circuit review of issue by failing to include it in appellate brief).

Judge Williams implicitly considered an Eleventh Circuit case to be persuasive. In *Baker v. McNeill*, 439 F. App'x 786 (11th Cir. 2011) (unpublished), *cert. denied*, 132 S. Ct. 1633 (2012), the Eleventh Circuit evaluated, after remand from the Supreme Court, its prior denial of habeas relief in light of *Kholi*. That court determined that the Florida rules for motions to reduce sentences varied significantly from those of Rhode Island. In particular, the court found that a motion in Florida state court to correct an illegal sentence, a sentence based upon an incorrect calculation, or a sentence that did not give proper credit for time served must be filed under the auspices of Florida Rule of Criminal Procedure 3.800(a) and a ruling thereon could be directly appealed, while a motion to reduce or modify a legal sentence, filed under Rule 3.800(c), was merely a request for leniency and a denial of such a request could not be appealed. Thus, the problem noted in *Kholi*, relating to the potential complication flowing from attempts to separate motions for a reduced sentence in Rhode Island into two categories of challenges to sentences on

5

legal grounds and those that merely ask for leniency, does not exist under the Florida scheme, which already separates the motions depending on the applicable rule's subpart. *Id.* at 787-89. Moreover, Florida permits sentencing challenges in three ways: on direct appeal, through Rule 3.800(a), and through the post-conviction process. *Id.* at 788. As noted *supra*, Rhode Island does not permit a sentencing challenge on direct appeal. *See* n.3. Because the petitioner in *Baker* had filed a motion under Rule 3.800(c), which "vests the trial court with absolute discretion to mitigate a sentence," the Eleventh Circuit concluded that Baker's motion could only be construed as a plea for mercy and not as a request for collateral review; consequently, the motion did not toll the one-year limitations period of § 2244(d)(2). *Id.* at 789.

Roberts is relying upon two still pending motions to reduce sentence under Maryland Rule 4-345, as it existed on March 26, 2001, for tolling of the limitations period of § 2244(d)(2). The wording then of that rule included the following in relevant part:

> **(a) Illegal sentence.** The court may correct an illegal sentence at any time.
>
> **(b) Modification or reduction — Time for.** The court has revisory power and control over a sentence upon a motion filed within 90 days after its imposition (1) in the District Court, if an appeal has not been perfected, and (2) in a circuit court, whether or not an appeal has been filed. Thereafter, the court has revisory power and control over the sentence in case of fraud, mistake, or irregularity, or as provided in section (d) of this Rule [pertaining to desertion and non-support cases].

The as yet undecided motions were brought by Roberts under Rule 4-345(b) and were pleas for leniency. In fact, both Roberts's *pro se* motion and his counseled motion contemplate the passage of time before the court is to consider them so that Roberts can accumulate a favorable prison record to justify a reduction in sentence. Under Maryland law, a denial of modification or reduction of sentence, when premised upon the trial court's exercise of discretion

in response to a plea for leniency, is not appealable. *See Hoile v. State*, 948 A.2d 30, 44-46 (Md. 2008) (denial of motion to correct illegal sentence under Rule 4-345(a) is appealable; discretionary denial of motion under successor to Rule 4-345(b) is not appealable unless sentence is tainted by illegality, fraud, or duress); *Carter v. State*, 996 A.2d 948, 956 (Md. Ct. Spec. App. 2010) (motion to modify sentence that does not allege error of law, but is addressed to court's discretion, is not proper subject of appeal). Thus, similarly to the procedure found by the *Baker* court to exist under Florida law, Roberts's motion under former Maryland Rule 3-345(b) is a plea for mercy entrusted to the absolute discretion of the trial court, does not entail judicial reexamination of the judgment, and is not appealable.

An additional factor that favors treating Roberts's motions for modification differently from that directed by *Kholi* under Rhode Island law arises from the manner in which such motions are dealt with by Maryland state courts. At least in Roberts's case, the judge notified him the court would not address his motions until he had served ten years of his sentence, after which Roberts may request a hearing.[5] Because such a ruling is evidently predicated on the court's desire to exercise its discretion only after Roberts had accumulated a prison record that could serve as a basis for reducing Roberts's sentence, it is logical that the court would allow significant time to elapse before making that discretionary judgment. In contrast, Roberts's motion to correct illegal sentence was handled expeditiously within two months of its filing. It would be anomalous if the court's desire to exercise informed discretion on Roberts's motions for modification resulted in tolling of the one-year limitations period under § 2244(d) during the

---

[5] Maryland Rule 4-345(e), the successor to Rule 4-345(b) as it was when Roberts filed his motions for modification, was amended so that, beginning July 1, 2004, it now sets a five-year time limit from the date of sentencing on the power of the trial court to modify a sentence. The rule has been further revised to separate fraud, mistake, and irregularity as grounds for modifying a sentence from the purely discretionary exercise of leniency as the basis for modifying a sentence. *Compare* Md. Rule 4-345(b), (e) (2013) *with* Md. Rule 4-345(b) (2001).

wait-and-see period when the court was holding his motions sub curia, particularly given the focus of federal habeas corpus law on rectification of legal errors occurring in state criminal cases and the absence of legal error as a basis for Roberts's Maryland motions for modification of sentence. Recognizing the distinction in the Maryland Rules between the two types of motions, and the different treatment of them at both the trial court and the appellate court levels, this Court concludes that the Eleventh Circuit's analysis in *Baker*, as adopted by Judge Williams in *Tasker*, is fully applicable here.

As noted, petitioner did not file an application for leave to appeal the entry of his guilty plea and sentences. Thus, his judgment of conviction became final for the purpose of computing the one-year limitations period on March 29, 2001, when the time for filing leave to appeal expired. *See* Md. Rule 8-204(b) (stating application for leave to appeal must be filed within 30 days after entry of judgment or order). Petitioner's motions for modification or reduction of sentencing, which were held sub curia, did not toll the limitations period under § 2244(d).

In light of this history, the instant petition received on May 9, 2011,[6] was filed several years outside the one-year limitations period under § 2244(d). Petitioner had no properly filed post-conviction proceedings pending that would toll the limitations period after March 29, 2001, until the initiation of post-conviction proceedings on March 20, 2009, a period approaching eight years, and after the conclusion of post-conviction proceedings on June 28, 2010, and the institution of the instant proceedings eleven months later.

---

[6] The petition is considered filed on the date it was signed and presumably given to prison officials for mailing, May 1, 2013. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998); *see also* Rule 3(d), Rules Governing Section 2254 Proceedings (discussing the mailbox rule).

8

Petitioner is not entitled to statutory tolling of the limitations period. Moreover, he is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, ___, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).[7]

Petitioner has offered no arguments in support of equitable tolling. His *pro se* status and any attendant lack of knowledge of the law are not the type of extraordinary circumstances to justify equitable tolling. *See Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000) (lack of notice of habeas statute's amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation); *Francis v. Miller*, 198 F. Supp. 2d 232, 235 (E.D. N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling). Therefore, the petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant...If the court issues a certificate, the court must state the specific

---

[7] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. at 484. Petitioner does not satisfy this standard, and the Court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

A separate Order follows.

DATED this __28__ day of October, 2013.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge